Dear Ms. Greco:
On behalf of East Baton Rouge Parish Sheriff Elmer Litchfield, you have requested an Attorney General's opinion regarding whether the Sheriff, as part of the terms of a professional legal services contract and with a corresponding reduction in the charge for such professional services, may provide office space, supplies and clerical services to a contract attorney, provided such services will be used solely in the provision of legal services to the Sheriff.
Your request must be addressed in light of the provisions ofLa. Const. (1974) Art. VII, Sec. 14, which contains the constitutional standard for the lawful use of public funds and property. La. Const. Art. VII, Sec. 14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private. Atty Gen. Op. Nos. 04-0052; 91-313.
Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec. 14,
as set forth in City of Port Allen v. Louisiana Mun. Risk, 439 So.2d 399 (La. 1983), wherein the Court states: ". . . this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is the threshold predicate for the constitutionality of an expenditure or use but is not the only predicate. The expenditure or transfer of property must also be for a public purpose and create a public benefit proportionate to its cost. Atty Gen. Op. Nos. 90-63, 90-651, 92-722, 01-0389 and 02-0125. In City of Port Allen, supra, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the *Page 2 
United States government or public or private associations or corporations or to individuals merely for a public purpose."
Based on the information provided, Louisiana Constitution Article VII, Sec. 14 would not prohibit the Sheriff from providing office space, supplies and clerical services provided the value of said services is equal to the value of the corresponding reduction in the charges for the professional services being provided. However, due to the nature of proposed agreement our office recommends the Sheriff seek a formal opinion from the Louisiana Board of Ethics.
It is therefore the opinion of this office that the Sheriff may provide office space, supplies and clerical services to a attorney retained under a professional services contract if the value of the services being provided by the Sheriff is equal to the corresponding reduction in the charge for the professional services rendered and the services provided by the Sheriff are used solely in the provision of professional services for the Sheriff. Due to nature of the proposed agreement a formal opinion from the Louisiana Board of Ethics should be obtained.
We trust this adequately responds to your request.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ___________________________________ RICHARD L. McGIMSEY Assistant Attorney General